# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

**EASTERN DISTRICT OF CALIFORNIA**
Case No. 5:24-mj-00013-CDB

**UNITED STATES OF AMERICA**

v.

**OSCAR CONTRERAS**

**WARRANT FOR ARREST**

Case Number: **2:24–CR–00056–CB**
**\*SEALED\***

To: The United States Marshal
 and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **OSCAR CONTRERAS,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint

☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition ☐ Supervised Release Violation Petition

charging him or her with (brief description of offense)

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE,CONSPIRACY TO COMMIT MONEY LAUNDERING,DISTRIBUTION OF A QUANTITY OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE,DISTRIBUTION OF 50 GRAMS OR MORE OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE**

in violation of United States Title:Section(s)

**21 U.S.C. § 846,18 U.S.C. § 1956(h),21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C),21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)**

| | | |
|---|---|---|
| Nicholas DeLucia | | Deputy Clerk |
| Name of Issuing Officer | | Title of Issuing Officer |
| *Nicholas DeLucia* | 03/06/2024 | Pittsburgh PA |
| Signature of Issuing Officer | Date and Location | |

Bond to be set by U.S. Magistrate Judge.

**RETURN**

This warrant was received and executed with the arrest of the above−named defendant

_____                    _____
Date Received                                  Name and Title of Arresting Officer

_____                    _____
Date of Arrest                                 Signature of Arresting Officer

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

    v.

**CLAIRE FISHER**

**WARRANT FOR ARREST**

Case Number: **2:24–CR–00056–CB
*SEALED***

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest     **CLAIRE FISHER,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Order of Court    ☐ Violation Notice    ☐ Probation Violation Petition    ☐ Supervised Release Violation Petition

charging him or her with (brief description of offense)

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE,CONSPIRACY TO COMMIT MONEY LAUNDERING**

in violation of United States Title:Section(s)

**21 U.S.C. § 846,18 U.S.C. § 1956(h)**

| Nicholas DeLucia | | Deputy Clerk |
|---|---|---|
| Name of Issuing Officer | | Title of Issuing Officer |
| *Nicholas DeLucia* | | 03/06/2024      Pittsburgh PA |
| Signature of Issuing Officer | | Date and Location |

Bond to be set by U.S. Magistrate Judge.

**RETURN**

This warrant was received and executed with the arrest of the above–named defendant

_____

_____
Date Received          Name and Title of Arresting Officer

_____
Date of Arrest          Signature of Arresting Officer

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.

**RAFAEL MOLINA**

**WARRANT FOR ARREST**

Case Number: **2:24–CR–00056–CB *SEALED***

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest     **RAFAEL MOLINA,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint

☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition

charging him or her with (brief description of offense)

**CONSPIRACY TO COMMIT MONEY LAUNDERING**

in violation of United States Title:Section(s)

**18 U.S.C. § 1956(h)**

| | | |
|---|---|---|
| Nicholas DeLucia | | Deputy Clerk |
| Name of Issuing Officer | | Title of Issuing Officer |
| *Nicholas DeLucia* | | 03/06/2024        Pittsburgh PA |
| Signature of Issuing Officer | | Date and Location |

Bond to be set by U.S. Magistrate Judge.

**RETURN**

This warrant was received and executed with the arrest of the above–named defendant

_____     _____
Date Received                          Name and Title of Arresting Officer

_____     _____
Date of Arrest                          Signature of Arresting Officer

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.

**WARRANT FOR ARREST**

**ARIEL PORTILLO**

Case Number: **2:24–CR–00056–CB *SEALED***

To: The United States Marshal
   and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **ARIEL PORTILLO,**

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint

☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition

charging him or her with (brief description of offense)

**CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE**

in violation of United States Title:Section(s)

**21 U.S.C. § 846**

| | |
|---|---|
| Nicholas DeLucia | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| Nicholas DeLucia | 03/06/2024    Pittsburgh PA |
| Signature of Issuing Officer | Date and Location |

Bond to be set by U.S. Magistrate Judge.

### RETURN

This warrant was received and executed with the arrest of the above–named defendant

| | |
|---|---|
| Date Received | Name and Title of Arresting Officer |
| Date of Arrest | Signature of Arresting Officer |

*1545*

**FILED**

MAR 0 5 2024

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

OSCAR CONTRERAS
DIEN TRUONG
CLAIRE FISHER
RAFAEL MOLINA
ARIEL PORTILLO

Criminal No. 24-*56*

(21 U.S.C. §§ 846, 841(a)(1),
841(b)(1)(B)(viii), 841(b)(1)(C); 18 U.S.C. §
1956(h))

**[UNDER SEAL]**

## INDICTMENT

### COUNT ONE

The grand jury charges:

From in and around January 2020, and continuing thereafter to in and around February 2024, in the Western District of Pennsylvania and elsewhere, the defendants, OSCAR CONTRERAS, DIEN TRUONG, CLAIRE FISHER, and ARIEL PORTILLO, did knowingly, intentionally and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

Further, the grand jury finds that each of the defendants is individually responsible for the amounts set forth below, as a result of the defendant's own conduct and the conduct of other conspirators that was reasonably foreseeable to the defendant:

| OSCAR CONTRERAS | 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) |
| --- | --- | --- |
| DIEN TRUONG | 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) |
| CLAIRE FISHER | A quantity of a mixture and substance containing a detectable amount of methamphetamine | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| ARIEL PORTILLO | A quantity of a mixture and substance containing a detectable amount of methamphetamine | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |

All in violation of Title 21, United States Code, Section 846.

2

## COUNT TWO

The grand jury further charges:

From in and around May 2021, and continuing thereafter to in and around November 2023, in the Western District of Pennsylvania and elsewhere, the defendants, OSCAR CONTRERAS, DIEN TRUONG, CLAIRE FISHER, and RAFAEL MOLINA, did knowingly, intentionally and unlawfully conspire with one another, and with persons both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce involving property representing the proceeds of a specified unlawful activity, that is, illegal drug trafficking in violation of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to the provisions of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

3

## <u>COUNT THREE</u>

The grand jury further charges:

In and around January 2022 through in and around February 2022, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4

## COUNT FOUR

The grand jury further charges:

In and around May 2022, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT FIVE

The grand jury further charges:

In and around February 2023 to in and around March 2023, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## <u>COUNT SIX</u>

The grand jury further charges:

In and around April 2023, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

7

## COUNT SEVEN

The grand jury further charges:

In and around May 2023, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

8

## COUNT EIGHT

The grand jury further charges:

In and around July 2023 to in and around August 2023, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

## COUNT NINE

The grand jury further charges:

In and around January 2024, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

10

## COUNT TEN

The grand jury further charges:

In and around February 2024, in the Western District of Pennsylvania and elsewhere, the defendant, OSCAR CONTRERAS, did knowingly, intentionally and unlawfully distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

11

## FORFEITURE ALLEGATIONS

The United States hereby gives notice to the defendants charged in Counts One, Three, Four, Five, Six, Seven, Eight, Nine, and Ten that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), which requires any person convicted of these offenses to forfeit to the United States of America any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, from the commission of such offenses, and any property used, or intended to be used, in any manner and part, to commit, and to facilitate the commission of, such offenses, including, but not limited to, the following accounts (the "Accounts"):

1. All United States currency, funds or other monetary instruments credited to account number 722001218 in the name of OSCAR ENTERPRISE LLC, located at JPMorgan Chase Bank, N.A., 1111 Polaris Parkway, Columbus, Ohio 43271.

2. All United States currency, funds or other monetary instruments credited to account number 6392001 in the name of OSCAR CONTRERAS, located at Valley Strong Credit Union, 11500 Bolthouse Drive, Bakersfield, California 93311.

3. All United States currency, funds or other monetary instruments credited to account number 6392002 in the name of OSCAR CONTRERAS, located at Valley Strong Credit Union, 11500 Bolthouse Drive, Bakersfield, California 93311.

4. All cryptocurrency, United States currency, funds or other monetary instruments credited to User ID 5a20967564103b00e7ccb307 in the name of OSCAR CONTRERAS, located at Coinbase Global, Inc., 430 California Street, San Francisco, California 94104.

12

5.    All United States currency, funds or other monetary instruments credited to account number 333378153 in the name of MARLENIE DAYAN RODRIGUEZ, located at JPMorgan Chase Bank, N.A., 1111 Polaris Parkway, Columbus, Ohio 43271.

6.    All United States currency, funds or other monetary instruments credited to account number 3723671237 in the name of MARLENIE DAYAN RODRIGUEZ, located at JPMorgan Chase Bank, N.A., 1111 Polaris Parkway, Columbus, Ohio 43271.

The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including, but not limited to, the Accounts listed above.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

13

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

A True Bill,

FOREPERSON

ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

NICOLE VASQUEZ SCHMITT
Assistant United States Attorney
PA ID No. 320316

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



MAR 0 5 2024

UNITED STATES OF AMERICA

v.

OSCAR CONTRERAS
DIEN TRUONG
CLAIRE FISHER
RAFAEL MOLINA
ARIEL PORTILLO

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

Criminal No. 2:24-cr-56

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a ten-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT(S) | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| One | Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>From January 2020 and continuing thereafter to February 2024 | 21 U.S.C. § 846 | CONTRERAS (500 grams or more) TRUONG (500 grams or more) FISHER (quantity) PORTILLO (quantity) |

| Two | Conspiracy to Commit Money Laundering<br><br>From May 2021 and continuing thereafter to November 2023 | 18 U.S.C. § 1956(h) | CONTRERAS<br>TRUONG<br>FISHER<br>MOLINA |
|---|---|---|---|
| Three and Ten | Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>January 2022 through February 2022 (Count Three)<br>February 2024 (Count Ten) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | CONTRERAS |
| Four through Nine | Distribution of 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>May 2022 (Count Four)<br>February – March 2023 (Count Five)<br>April 2023 (Count Six)<br>May 2023 (Count Seven)<br>July – August 2023 (Count Eight)<br>January 2024 (Count Nine) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | CONTRERAS |

## II. ELEMENTS OF THE OFFENSES

**A.     As to Count 1:**

In order for the crime of conspiracy to distribute and possess with the intent to distribute 500 grams or more (CONTRERAS, TRUONG) or a quantity (FISHER, PORTILLO) of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following essential elements beyond a reasonable doubt:

1.     That two or more persons agreed to distribute and possess with the intent

2

to distribute a controlled substance.

2.    That the defendant was a party to or member of that agreement.

3.    That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4.    That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5.    For defendants CONTRERAS and TRUONG, that the amount of the mixture or substance containing a detectable amount of methamphetamine was 500 grams or more (21 U.S.C. § 841(b)(1)(A)(viii)) (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.    As to Count Two:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1.    That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2.    That the defendant knew the purpose of the conspiracy.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.    That the defendant deliberately joined the conspiracy.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**C.    As to Counts Three and Ten:**

In order for the crime of distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the date set forth, the defendant distributed the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.    That the defendant did so knowingly and intentionally.

United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.    That methamphetamine is a Schedule II controlled substance.

21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

**D.    As to Counts Four through Nine:**

In order for the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That on or about the date set forth, the defendant distributed the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.     That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.     That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

4.     That the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

## III. PENALTIES

**A.     As to Count One (as to CONTRERAS and TRUONG): Conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

1.     A term of imprisonment of not less than ten (10) years to a maximum of life.

2.     A fine not to exceed $10,000,000.

3.     A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.     A term of imprisonment of not less than fifteen (15) years to a maximum of life.

5

2.    A fine not to exceed $20,000,000.

3.    A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

1.    A term of imprisonment of at least 25 years to a maximum of life.

2.    A fine not to exceed $20,000,000.

**B.    As to Count One (as to FISHER and PORTILLO):  Conspiracy to distribute and possess with the intent to distribute a quantity of mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846); and Counts Three and Ten: Distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.    A term of imprisonment of not more than twenty (20) years.

2.    A fine not to exceed $1,000,000.

3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than thirty (30) years.

2.    A fine not to exceed $2,000,000.

3.    A term of supervised release of at least six (6) years.

**C.    As to Count Two: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

1.    A term of imprisonment of not more than twenty (20) years;

2.    A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

6

3.      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**D.      As to Counts Four through Nine: Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.      A fine not to exceed $5,000,000.

3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $8,000,000.

3.      A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

8